**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CIVIL NO.  3:06CV80
(3:03CR181-4)**

| | | |
|---|---|---|
| **TOMMY LEE MOORE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER OF DISMISSAL** |
| | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

      **THIS MATTER** is before the Court on the Petitioner's motion to

vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  No

response is necessary from the government.

      A prisoner in federal custody may attack his conviction and sentence

on the grounds that it is in violation of the Constitution or United States law,

was imposed without jurisdiction, exceeds the maximum penalty, or is

otherwise subject to collateral attack.  **28 U.S.C. § 2255.**  However,

> [i]f it plainly appears from the face of the motion and any
> annexed exhibits and the prior proceedings in the case that the
> movant is not entitled to relief in the district court, the judge

shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**

On October 28, 2003, the Petitioner was charged in three counts of a seven-count indictment with conspiracy to possess with intent to distribute cocaine and cocaine base (Count One), possession with intent to distribute cocaine base (Count Two), and using a firearm during a drug trafficking offense (Count Three) in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 924(c)(1).  **Bill of Indictment, filed October 28, 2003.**  On March 31, 2004, the Petitioner entered into a plea agreement with the Government wherein he agreed to plead guilty to Counts One and Three of the indictment in exchange for the Government's dismissal of Count Two. **Plea Agreement, filed March 31, 2004.**  The undersigned sentenced the Petitioner on August 23, 2004, to a term of 84 months of imprisonment on Count One and a consecutive term of 60 months imprisonment on Count Three, for a total term of 144 months imprisonment.  **Judgment in a Criminal Case, filed September 10, 2004.**  The Petitioner did not file an appeal of his conviction and/or sentence.  Therefore, the Petitioner's conviction became final on September 20, 2004.  ***United States v. Wilson,***

**256 F.3d 217, 221 (4ᵗʰ Cir. 2001) (citing *Kapral v. United States*, 166**

**F.3d 565, 577 (3d Cir. 1999)); *United States v. Walker*, 194 F.3d 1307**

**(table), 1999 WL 760237 (4ᵗʰ Cir. 1999) (citing *Adams v. United* States,**

**173 F.3d 1339, 1343 n.2 (11ᵗʰ Cir. 1999)).** Petitioner signed his § 2255

motion on February 15, 2006, and same was filed in this Court on February

21, 2006.

> Prior to the Antiterrorism and Effective Death Penalty Act
> (AEDPA), a prisoner possessed virtually unlimited amounts of
> time to file a first petition for collateral review under 28 U.S.C.
> §§ 2254 and 2255. In an attempt to curb the protracted nature
> of such litigation, Congress established a one-year period of
> limitations. . . . In relevant part, the AEDPA amended § 2255
> by adding the following language:
>
> > 1-year period of limitation shall apply to a motion
> > under this section. The limitation period shall run
> > from the latest of -
> > > (1) the date on which the judgment of conviction
> > > becomes final; . . . .
>
> We are left with the question of when a judgment is to be
> considered final. The Supreme Court has addressed the
> question of finality in the context of retroactivity. The Court
> defined a conviction as being final when "a judgment of
> conviction has been rendered, the availability of appeal
> exhausted, and the time for a petition for certiorari elapsed or a
> petition for certiorari finally denied."

***Gendron v. United States,* 154 F.3d 672, 673-74 (7ᵗʰ Cir. 1998) (quoting**

***Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)).** Because the motion

was filed a year and five months after the Petitioner's conviction became final, the undersigned, therefore, concludes this motion is untimely filed.[1]

*Id.*

      **IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence is hereby **DISMISSED WITH PREJUDICE.**

Signed: February 24, 2006

Lacy H. Thornburg
United States District Judge

---

[1]Even if this petition were timely, the Court would direct its dismissal in any event because the Petitioner has not set forth any grounds or alleged any facts on which to base a determination of whether or not this motion has any merit.